# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:96-CR-0066

| | |
|---|---|
| **SAMUEL D. FLEMING,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion to Correct Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, filed May 9, 2003.

Petitioner was convicted of three counts of conspiracy to possess with intent to distribute cocaine and cocaine base within 1,000 feet of a school after entering a straight-up guilty plea on January 17, 1997. Petitioner was sentenced to concurrent 97 month sentences on October 28, 1997. Petitioner made no direct appeal. Petitioner chose instead to file a Motion to Vacate under 28 U.S.C. § 2255 on February 5, 2001. This Motion was filed after the statute of limitations had run, and was denied as untimely.

In his present Motion, Petitioner requests that this Court declare that a two-point gun enhancement was not imposed at his sentencing hearing[1]. While Petitioner's pre-sentence report

---

[1] Petitioner suggests Rule 36 as proper for deciding this issue, but also requests that this Court "look behind the label of this motion to see if it might be cognizable under a different remedial statutory framework." This Court notes that Petitioner's Motion would not succeed under 28 U.S.C. § 2255, as it would be barred by both the statute of limitations and as a successive motion not certified by a panel of the Fourth Circuit Court of Appeals. However, the absence of any conflict between

recommended that Petitioner receive a two-point gun enhancement, he believes that this Court did not intend to impose the recommended two-point gun enhancement at his sentencing hearing. As such, he asks this Court, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, to declare that no enhancement was applied, thereby correcting an alleged omission or oversight.

Petitioner's belief is mistaken. At Petitioner's sentencing hearing, this Court noted: "It's clear [Petitioner] knew about some other people and was charged with the enhancement," indicating that Petitioner's knowledge of his co-conspirators' possession of firearms justified the enhancement (Pet. Ex. A, p. 9). The Court then directed that it be noted in the Judgment and Commitment Order that Petitioner did not personally possess a firearm, so that the Bureau of Prisons would be aware that Petitioner, while charged with a gun enhancement, did not personally possess a firearm during the conspiracy.

The Court intended to apply the two-point enhancement while making it clear to the Bureau of Prisons that Petitioner did not personally possess a firearm. The Petitioner's sentence and judgment form accurately reflect the undersigned's intentions.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Correct is **DENIED**.

Signed: August 3, 2006

Graham C. Mullen
United States District Judge

---

the Court's oral sentence and written judgment make any consideration of this Motion's procedural defects unnecessary.